Richmond.

NEAL v. ALLEN, AUDITOR.

April 27, 1882.

Absent, *Burks,* J.*

1. JUDGES—*Terms, salaries, waiver.*—Under the constitution judges can be elected for only "*full terms*"; their salaries cannot be diminished during their terms; accepting, under second election, diminished salary under the acts of assembly, without protest, constitutes no waiver of their rights. See *Montague's Adm'r* v. *Massey, Auditor, ante* p. 307.

2. CASE AT BAR.—H's term as county judge expired 31st December, 1873, but he resigned in 1872. The term of county judges is six years. N was in January, 1873, elected *to fill his unexpired term,* under act of assembly *construing the constitution.* Then the salary was $800, but it was reduced 1st January, 1874, by act of assembly, and made payable out of county treasury. N received the reduced salary from the county without protest, during his whole term—he having been again elected at the general election in December, 1873. On application by N for *mandamus* to the auditor for difference between $800 and the amount received out of county treasury—

HELD:

Petitioner is entitled to the difference and to the *mandamus* to compel auditor to pay it.

Petition of Hamilton S. Neale, late judge of the county court of Northampton county, for a writ of *mandamus* against S. Brown Allen, auditor of public accounts of Virginia. The case is stated in the opinion.

*James A. Jones* and *R. T. Daniel, Jr.,* for petitioner.

*F. S. Blair,* attorney-general, for respondent.

* He was interested in the question.

1. Petitioner was elected and commissioned not for a full, but for an unexpired term, which ended 31st December, 1873.

2. When he entered 1st January, 1874, on his second term, the salary had already been reduced.

3. By receiving without protest the reduced salary, he waived any claim he might have had to the original salary.

4. He had an adequate remedy under Code 1873, ch. 44, § 6, in the circuit court of Richmond city, and hence is not entitled to *mandamus.*

5. Legislature has taken away from this court the right to award writs of *mandamus* in such cases.

6. His remedy, if any, is against the county treasury; out of which the act of assembly makes his salary payable.

CHRISTIAN, J., delivered the opinion of the court.

The petitioner represented to this court the following state of facts:

That J. E. Heath, the first judge of the county court of Northampton, elected under the present constitution, resigned his said office in the early part of the year 1872, and that he was elected by the general assembly of Virginia as judge of said court in January, 1873; that he was duly commissioned by the governor of Virginia—his commission bearing date the 9th day of January, 1873; and that he entered upon the discharge of his duties, having qualified and taken his seat as such judge on the 13th day of January, 1873; that the commission under which he so qualified purported to be for the unexpired term of the said Heath—the construction having been adopted by the general assembly (as is familiarly known), and acquiesced

in by the executive of the State, that elections of judges might be for the residue of unexpired *terms*, when the office of judge became *vacant*.

He claims that this court having by recent adjudications expressly overruled this construction as erroneous, and having declared that in all cases the election of county judges was an election for the full term, and not for the unexpired term of his predecessor, and his salary being fixed at the time of his election at the sum of $800, and the constitution having declared in express terms that the salary or compensation of a judge shall not be diminished during his term of office, he therefore claims that he is entitled to the sum of $800 *per annum* during his whole term of service, to be credited by the sums he actually received during said term of service.

Claiming this sum as legitimately due to him from the State, he applies to this court for a writ of *mandamus* to compel the auditor of public accounts, who had refused to pay the same, to issue his warrant upon the treasury for the payment of the sum so claimed by him.

Upon this petition a rule *nisi* was awarded, and to that rule a return and answer were made by S. Brown Allen, Esq., the auditor of public accounts, filed for him by the attorney-general. In that answer he admits that he refused to pay the claim presented by the petitioner, and states several distinct grounds for such refusal.

First. That the petitioner was elected to fill the unexpired term of his predecessor, and was so commissioned on the 9th of January, 1873, and that he was not elected or commissioned on that day for the full term; which term was for a period of six years.

Second. That the legislature by several statutes reduced the salary of county judges, and that the petitioner having received the amounts fixed by these statutes, had waived and surrendered his right to receive any further compensation.

Third. That petitioner had a complete remedy by petition or suit in the circuit court of the city of Richmond; and, having such complete and adequate remedy, he is not entitled to the writ of *mandamus.*

Fourth. That the legislature, by recent enactment, had taken away from this court the authority to issue a writ of *mandamus* in a case. like that of petitioner.

Fifth. That the legislature having declared that after the 1st day of January, 1874, the county judges should be paid their salaries (reduced by several acts of assembly) out of the county treasuries upon a levy to be made by the county or counties in which the judge presided, his claim, if any he had, for further compensation was against the county of which he was judge, and not against the treasury of the State.

As to the first two propositions, it is sufficient to say that they are completely answered by the cases of *Montague's Adm'r* v. *Massey, Auditor, ante* p. 307, and *Parrish* v. *Same,* decided by this court at its present term; and under those decisions the petitioner, Neale, when commissioned under his first election was elected for the full term of six years, and the fact that he received the reduced compensation fixed by legistive enactment, after his election, was no waiver or surrender of his rights to claim what was actually due him under the constitution and laws of the State. Reference need only to be made to the cases above referred to for the reasons which governed the court in coming to its conclusions, and which completely cover the case before us.

As to the third ground set forth in the answer of the auditor that the petitioner had a complete remedy by petition or suit in the circuit court of the city of Richmond, it is sufficient to say that such a remedy was taken away by the act approved March 15, 1875, which declares that "no judgment or decree against the Commonwealth shall be paid without a special appropriation therefor by law." Session Acts, 1874–5, p. 253.

As the law formerly stood, a judgment to the amount of $300 might be recovered against the State, and paid to the claimant without any special appropriation therefor; but by the act above referred to, the circuit court can simply audit and ascertain the claim which must be paid by a special appropriation by the legislature.

It is plain, therefore, that the petitioner has no remedy, adequate and sufficient, to take the place of the writ of *mandamus* which compels the payment to him of a fixed and ascertained sum already in the treasury, and which he is entitled to receive as due to him under the laws and constitution of this State.

As to the fourth contention, that the legislature has taken away from this court the authority to issue the writ of *mandamus* in certain cases, the point is not well taken.

Waiving the consideration as to how far the legislature has the right to interfere with the jurisdictional power conferred by the constitution, it is plain that the act relied on does not apply to the case before us.

The words of the act which constitute the amendment of ch. 156, § 4, of the Code of 1873, are as follows: " Provided, that no writ of *mandamus*, prohibition, or any other process whatever, shall issue in any case *of the collection or attempt to collect revenue,* or to compel the collecting officer to receive any thing in payment of taxes other than as provided in chapter forty-one, acts of assembly, approved January 26th, 1882, or in any case arising out of the collection of revenue in which the applicant for the writ or process has any other remedy adequate for the protection and enforcement of his individual right, claim and demand, if just."

It is plain that by the very terms of this amendment, it refers exclusively to the *collection of revenue* and to officers charged with the collection of revenue. It has not the most remote application to the case before us.

As to the fifth and last assignment of the grounds upon

which the refusal to pay the claim of the petitioner is based—to-wit: that his claim, if any he has, is against the county of which he is judge—it is sufficient to remark, that the legislature conferred upon the county the power to pay to its county judge a certain specific sum per annum ; that this sum has already been paid to the petitioner, and the authority to pay more is exhausted. It would be a vain thing to send him there to assert his demand. That would certainly afford him no adequate remedy, and, indeed, no remedy at all. When the petitioner was elected county judge, and commissioned January 9th, 1873, he was elected for the full term of six years, according to all our decisions. At that time his salary was fixed by law at the sum of $800 per annum, and the constitution declaring in express terms that the salary and compensation of a judge shall not be diminished during his term of office, the petitioner is entitled to that sum for the period of six years, to be credited by whatever sum he has already received from the State and county treasuries, and for that balance a peremptory *mandamus* will be issued, compelling its payment to the petitioner.

MANDAMUS AWARDED.